PEARCE PRODUCE Co., INC., a corporation, *Petitioner,* v. HERBERT LEE, *Respondent.*

148 So. 543.

Opinion filed May 13, 1933.

*Brown & Wood* and *Bart A. Riley,* for Petitioner; *Patterson & Knight,* for Respondent.

PER CURIAM.—This case is before us on certiorari to a judgment of the Circuit Court of Dade County, Florida, affirming the judgment of the Civil Court of Record of that county. It is contended here that the Circuit Court failed to observe the essential requirements of law in affirming a judgment of the Civil Court of Record in which that court failed to observe the essential requirements of law in such latter court.. On the trial of the cause certain legal and material evidence was excluded when properly tendered and other illegal and irrelevant evidence was admitted over the timely objection of the defendant in that court..

All of the evidence involved pertaining to the ownership of certain tomatoes delivered to the defendant by the plaintiff to be packed and sold and which were packed and sold by the defendant, but the proceeds of which were not paid over to the plaintiff. The uncontradicted evidence shows that the plaintiff delivered the tomatoes to the defendant with authority to pack and sell the same. The defendant received, packed and sold the tomatoes and received the proceeds. The defendant delivered to the plaintiff certain manifests which showed receipt from the plaintiff from the defendant, sales by the defendant and account sales rendered to the plaintiff. By these transactions, no other claim having been interposed by any other person or per-

sons claiming to be the owner or owners of the tomatoes, the defendant was estopped from denying the ownership of its principal and liability of it to its principal for the amount received for the tomatoes. This is elementary and requires the citation of no authorities to support the principle involved.

One of the manifests or accounts stated rendered to the plaintiff by the defendant shows that a large sum of money had been charged to the account of the plaintiff and credited to the account of another, but there is nothing in the record showing a written agreement or memorandum signed by the plaintiff assuming the liability for such account or indebtedness of such other person to the defendant. We, therefore, find from the record that there was no departure from the essential requirements of the law which prejudiced the legal rights of the defendant and that the writ of certiorari heretofore issued should be quashed. It is so ordered.

Writ of certiorari quashed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS, J., agrees to quash the writ.

BROWN, J., not participating.